UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LOK REDWOOD EMPIRE PROPERTIES, INC.,

No. 09-12912

Debtor(s).
_____/

Memorandum re Attorney's Fees of Over-secured Creditor
_____

There is a confirmed plan in this case. A dispute has arisen between the Debtor and creditor State Street Bank and Trust Company over the amount of its postpetition attorneys' fees. The Bank has filed a motion for the court to determine the reasonableness of its fees of about $150,000.00. The Bank alleges that its legal fees are reasonable "by definition as that is what [the Bank] has paid and continues to pay."

While the Bank's position may be proper in the absence of a bankruptcy, once a bankruptcy has been filed its postpetition fees can be allowed only pursuant to § 506(b), which provides:

> To the extent that an allowed secured claim is secured by property the value of which, after any recover under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or state statute under which such claim arose.

For a party to recover attorney's fees under 506 (b), four elements need to be met: (1) the creditor must have an allowed secured claim; (2) the creditor must be oversecured; (3) the fees must be reasonable under the circumstances; and (4) the fees must be provided for under the agreement. *In re Kord Enterprises II,* 139 F.3d 684, 689, (9th Cir. 1998). "The attorney applying for fees bears the

burden of proving the reasonableness of those fees, which can only be done by presentation of carefully detailed applications and supporting documentation." *In re Dalessio,* 74 B.R. 721, 724 (9th Cir. BAP 1987). When determining reasonableness, the bankruptcy court should inquire whether, considering all relevant factors, the creditor reasonably believed that the services employed were necessary to protect its interests in the debtor's property; an oversecured creditor is not entitled to a blank check which will be automatically reimbursed out of its collateral. *Dalessio*, 74 B.R. at 723.

While the Bank is clearly wrong in its assertion that its fees are reasonable by definition because it paid them, the detailed objections of the Debtor ring hollow for the most part. There is no requirement that actions taken by an oversecured creditor's attorney be successful in order to be recovered. *In re Le Marquis Associates*, 81 B.R. 576, 579 (9th Cir. BAP 1987). Also, the fees must only be reasonable *under the circumstances*. Fees cannot be disallowed for reasonable preparation for a motion just because the motion was not filed. Fees cannot be disallowed for objection to a plan just because the plan was ultimately confirmed.

The Debtor makes much of the fact that counsel for the Bank did considerable work based on the premise that the Debtor had violated the terms of its loan by placing a junior encumbrance on the property when in fact the Bank had agreed in writing to the junior encumbrance, not realizing that the bank which had the junior encumbrance had acquired the bank to which consent had been given. While this may be a cause of embarrassment to the Bank, the court cannot say that all fees rendered prior to the discovery are *per se* unreasonable, especially if counsel for the Debtor did his best to antagonize the Bank's counsel rather than calmly point out the mistake.

The court is completely unable to evaluate the Debtor's assertion that over $30,000.00 of the Bank's fees were for legal research and that such a fee was unreasonable. The court does not see how this figure was arrived at. A review of the billings themselves reveals no obvious problems.

Given the amount of the loan ($3 million) and the amount of work typically required to protect the interest of a secured creditor in a Chapter 11, the court would have estimated that the Banks' attorneys' fees would be around $100,000.00, so the amount claimed by the Bank is on the

2

high side.  In addition, it may be appropriate for there to be some reduction if the Bank persisted in a legal position which turned out to be factually wrong beyond the time it should have realized its mistake.  A few (not many, the court suspects) of the other minor objections raised by the Debtor may have some marginal merit.  The court has no way to determine these issues without an evidentiary hearing and cross-examination of the Bank's counsel.  The court is quite willing to spend the time if necessary.

The court suggests that a total postpetition allowance of $125,000.00 might be reasonable for the Bank's attorneys' fees under § 506(b).  If both parties agree, they shall submit an order to that effect.  If either side desires an evidentiary hearing, it shall notice a scheduling conference on any scheduling conference calendar.

Dated:  November 6, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

3